IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAELINE RENEE THIELE,          )
                                         )
           Plaintiff,          )
                                         )
    -vs-                    )        Civil Action No.   20-1464
                                         )
KILOLO KIJAKAZI,[1]          )
COMMISSIONER OF SOCIAL SECURITY,   )
                                         )
           Defendant.     )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 20 and 22).   Both parties have filed Briefs in Support of their Motions. (ECF Nos. 21 and 23).   After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 20) and granting Defendant's Motion for Summary Judgment. (ECF No. 22).

## I.   BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act.   Plaintiff filed her application on October 19, 2016, alleging disability began on January 1, 2010.   Administrative Law Judge ("ALJ"), Brian W. Wood, held a hearing on September 18, 2018. (ECF No. 13-2, pp. 35-72).   On September 17, 2019, the ALJ found that Plaintiff was not disabled under the Act.   (ECF No. 8-2, pp. 11-21).

---

[1]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF No. 20 and 22).   The issues are now ripe for review.

## II.   LEGAL ANALYSIS

### A.   Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.   *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).   Substantial evidence has been defined as "more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate."   *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.   42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).   A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.   *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).   Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.   *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.   42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.   20 C.F.R. §404.1520(a).   The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.   The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).   *Dobrowolsky*, 606 F.2d at 406.   Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).   *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.   *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.      Discussion**

Plaintiff summarily concludes that the ALJ's decision is not supported by substantial evidence.   (ECF No. 21, p. 10).   In two sentences, Plaintiff argues that "the evidence establishes" that she would be off task more than allowed for the jobs identified by the vocational expert ("VE") and that she would miss more than one workday per month.   (ECF No. 21, p. 9). To be clear, the standard is not whether there is evidence to establish Plaintiff's position.   *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or
> whether there is evidence that is inconsistent with the ALJ's finding…. Substantial

evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance.  *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971).   If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims.   *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016).   Thus, the question before me is whether substantial evidence supports the ALJ's findings.   *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).   Therefore, Plaintiff's summary argument in this regard is entirely misplaced and insufficient to place the issue before me.

Nonetheless, I note that the ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments.   *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987).   After a review of the record, I find that there is substantial evidence of record to support the finding of the ALJ that Plaintiff was not under a disability at any time from January 1, 2010, the alleged onset date, through December 31, 2014, the date last insured. [2]   (ECF No. 13-2, pp. 20-30). Therefore, I find no error in this regard and remand is not warranted.

An appropriate order shall follow.

---

[2] Plaintiff does not dispute the ALJ's statement that there is no record of treatment for Plaintiff's severe impairments prior to the date last insured.   (ECF No. 13-2, p. 26; ECF No. 21, pp. 1-12).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAELINE RENEE THIELE,                    )
                                            )
                    Plaintiff,              )
                                            )
        -vs-                                )        Civil Action No.   20-1464
                                            )
KILOLO KIJAKAZI,[3]                         )
COMMISSIONER OF SOCIAL SECURITY,            )
                                            )
                    Defendant.              )

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 4th day of January, 2022, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 20) is denied and Defendant's Motion for Summary Judgment (ECF No. 22) is granted.

BY THE COURT:

*Donetta F. Ambrose*

_____
Donetta W. Ambrose
United States Senior District Judge

---

[3]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.